# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(U.S. Courthouse, 17 South Park Row, Erie, Pennsylvania 16501)

**FILED**

APR 0 9 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

|  |  |
|---|---|
| Ronald Satish Emrit, | ) |
| Plaintiff (Pro Se) | ) |
|  | ) |
| v. | ) |
|  | ) |
| Federal Bureau of Investigation (FBI), | ) |
| Defendant | ) |
|  | ) |

**C. A. No.: 1:2020cv00041**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF INTERLOCUTORY APPEAL

COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this notice of appeal in accordance with Rule of 4 of the Federal Appellate Procedures (F.R.A.P.).  In filing this notice of appeal, the plaintiff states, avers, and alleges the following:

1.) Because of the fact that the plaintiff is a law school graduate, he happens to know that U.S. attorneys, district attorneys, and/or attorneys general get disbarred for committing **"Brady violations"** when they fail to disclose exculpatory information in bad faith which also constitutes a lack of the duty of candor to the tribunal.

2.) The plaintiff also argues that there are "honest mistakes" which should be disclosed by all parties under penalty of perjury and that there is a "fine line" between "honest mistakes" and **"malum prohibitum"** or **"malum in se"** violations of the law which is why providing the proper context is of extreme and tantamount importance.

3.) With that being said, the plaintiff/appellant intends to raise on appeal and argue in his appellate brief a new set of facts which are both conditionally and logically

1

relevant to his case against the Federal Bureau of Investigation (FBI) because they tend to provide a larger narrative or "the big picture" rather than revealing separate pieces of the puzzle which have yet to be connected to show the larger narrative.

4.) While the plaintiff did not raise this new set of facts in his complaint and may be precluded from raising this new set of facts on appeal, the plaintiff argues that he could draft and submit an amended complaint with the new set of facts and/or larger narrative if and only if (iff) the present case at bar is remanded back to the lower court with a specific set of instructions that the amended complaint should be adjudicated upon its merits given that there is a justiciable case or controversy which does not involve a political question, the rendering of an advisory opinion, an ex post facto law, or an unconstitutional bill of attainder.

5.) Because of the fact that the plaintiff wants to submit an amended complaint with a new narrative if and only if (iff) this notice of appeal could lead to a re-opening of the case in the lower court pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (FRCP), the plaintiff/appellant argues that there should be a de novo standard of review based on a "clearly erroneous" decision in the lower court which also amounts to an "abuse of discretion" by the district court judge who dismissed the case as frivolous.

6.) In the year 2016, the plaintiff reached a settlement agreement/stipulation with Seven Hills Behavioral Hospital of Henderson, Nevada and was provided with a settlement check in the approximate amount of $7,500 by Brittany Llewellyn of Lewis-Brisbois law firm off of Rainbow Boulevard in Las Vegas, Nevada. The plaintiff/appellant was informed by Brittany Llewellyn that he would not have to sign and/or fill out any tax paperwork for this $7,500 (such as an IRS Form W-9) because of the fact that "punitive damages are not taxable as income" (paraphrased statement). Nevertheless, the plaintiff/appellant exercised due diligence in asking for this tax paperwork and trusted Ms. Llewellyn's judgment because she was an attorney representing Seven Hills with a major law firm. The plaintiff/appellant would later find out that certain types of compensatory damages are not taxable as income and that punitive damages are taxable. Therefore, the plaintiff made the logical and reasonable assumption that Brittany Llewellyn, Esquire made an honest mistake and meant to say that the plaintiff/appellant would not have to fill out any tax paperwork with the IRS because "compensatory damages are not taxable." The relevant case-law applicable to the taxation of certain types of compensatory damages and punitive damages as "accessions to wealth" and/or "realization of capital gains" is governed by the stare decisis/persuasive precedent

of the common law tax cases of ***Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955), Eisner v. Macomber, 252 U.S. 189 (1920), Pollock v. Farmers' Loan & Trust Company, 157 U.S. 429 (1895), South Carolina v. Baker, 485 U.S. 505 (1988),*** Wilson-Gorman Tariff Act, McKinley Tariff, and Sixteenth Amendment to the United States taxation governing the apportionment of taxes.

7.) On or around 2012, the plaintiff communicated with Ben Dayan who graduated from University of Miami and was the manager of an artist named "Dirtbag" or Jermany James. Although the plaintiff is not completely sure, he believes that he met Ben Dayan from a Craigslist advertisement (past recollection recorded may be necessary). Ben Dayan emailed the plaintiff a publishing deal that "Dirtbag" signed with Universal Music Corporation. The publishing deal was signed by David Renzer of Universal and provided that a gentleman by the name of Eric Nicks from New York was the fiduciary for "Dirtbag." Ben Dayan broadly asked the plaintiff/appellant in the present case at bar (i.e. Ronald Satish Emrit) to email Dirtbag's contract around to entertainment attorneys, law enforcement officers, banks, managers, publicists, and/or other legal or music industry professionals to find out if there was anybody who could help Dirtbag get out of this procedurally and substantively unconscionable publishing deal with the Universal Music Corporation that appeared to contain a clause called "Minimum Delivery Release Commitment" although the publishing deal contained no cross-collateralization clause or controlled composition clause which is typical of "360 deals" and "demo deals" and other types of commercial recording contracts in the custom and usage of the music business (in the ordinary course of business and pursuant to prior course of dealings as industrial routine). Pursuant to Rule 201 of the Federal Rules of Evidence (FRE), the court should take judicial notice that there are no licensing requirements to be a publicist in the entertainment industry although having a Bachelor's Degree in public relations or a related field is recommended. Therefore, because of the plaintiff's communications with Ben Dayan of Miami (i.e. the manager/fiduciary of Dirtbag/Jermany James), the plaintiff/appellant in the present case at bar had the express, implied, actual, and apparent authority to bind Dirtbag/Jermany James to contract although in this situation, Ben Dayan and Dirtbag were trying to rescind the contract that Dirtbag/Jermany James signed with Universal Music Corporation. However, the plaintiff/appellant noticed that Ben Dayan and Dirtbag forgot to redact Dirtbag's Social Security Number (SSN) which was provided on the publishing deal with the Universal Music Corporation

before Ben Dayan emailed Dirtbag's publishing deal to the plaintiff/appellant (i.e. Ronald Satish Emrit).  The plaintiff argues that this "honest mistake" does not amount to gross negligence, breach of fiduciary duty, and/or the tortious invasion of privacy on the part of Ben Dayan or the plaintiff/appellant both of whom had the actual, apparent, express, and implied authority to bind Dirtbag/Jermany James to contract or to have his publishing deal with Universal unilaterally rescinded (thereby discharging express and constructive conditions of the publishing deal). The business relationships between Ben Dayan, Dirtbag/Jermany James, and the plaintiff/appellant (i.e. Ronald Satish Emrit) are governed by the laws of agency and partnership.

WHEREFORE, the plaintiff/appellant now files this notice of appeal to have this case sent to the Appellate Court in the Third Circuit Court of Appeals in Philadelphia, PA notwithstanding the fact that the plaintiff/appellant does not understand if there is a pre-filing review against him in the Ninth Circuit.  Accordingly, the plaintiff/appellant would like to argue a new set of conditionally and relevant facts in an amended complaint if and only if (iff) his case against the Federal Bureau of Investigation (FBI), et al. is reversed and remanded back to the lower court with specific instructions that the allegations in the plaintiff's amended complaint should be adjudicated on their merits as there is a justiciable case or controversy.

Respectfully submitted,

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(703)936-3043
einsteinrockstar@hotmail.com
einsteinrockstar2@outlook.com

4