IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD SATISH EMRIT,** ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 1:20-CV-41 |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | District Judge Baxter |
|     Defendant. ) | |

## MEMORANDUM OPINION

Pending here is Plaintiff's motion seeking leave to proceed in forma pauperis. ECF No. 1.

**Procedural History**

On February 20, 2020, Plaintiff Ronald Satish Emrit, acting pro se, filed a motion seeking leave to proceed in forma pauperis along with a complaint. ECF No. 1. Soon after, and while the motion remained pending, Plaintiff filed an Amended Complaint. ECF No. 2. As part of the screening process on a motion for in forma pauperis status, the Court must review both complaints.

**Standards of Review**

This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

1

baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it encourages it. *Roman v. Jeffes*, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed in forma pauperis under 28 U.S.C. § 1915 is a two-step process. *See id*. at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id*. (internal citation omitted). So only after the district court grants the request to proceed in forma pauperis may it dismiss the complaint as legally frivolous. *See Jackson v. Brown*, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [in forma pauperis] motion before dismissing the complaint as frivolous, rather than deny the [in forma pauperis] motion as moot after dismissal."); *Spuck v. Fredric,* 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [in forma pauperis] application, the complaint is not deemed filed unless and until [in forma pauperis] status is granted. [ ... ] in that situation, the District Court must first rule on the [in forma pauperis] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted under the screening provisions of either of these two

statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a pro se plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the pro se plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 556 (2007). The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996*)* ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. Here, Plaintiff alleges that he attended law school. *See* ECF No. 1-1, ¶ 15. Plaintiff is not relieved of the obligation to allege facts sufficient to state his legal claims.

**Assessment of Plaintiff's motion for leave to proceed in forma pauperis**

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based on this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and therefore his motion for leave to proceed in forma pauperis will be granted.

**Assessment of Plaintiff's Original and Amended Complaints**

In both his Original and his Amended Complaints, Plaintiff has named a single Defendant: The Federal Bureau of Investigation. The Original Complaint is thirty-seven pages in length and has over one hundred separate numbered paragraphs. Plaintiff states that he is a resident of Nevada with a mailing address in Florida. Plaintiff claims that this Court has proper jurisdiction based on both federal question and diversity. However, Plaintiff provides no facts that describe activity within the Western District of Pennsylvania. Plaintiff also claims that venue is appropriate in this District but provides no facts to support his claim in this regard. Plaintiff's Original Complaint provides a lengthy factual narrative which begins in the 1990s. Plaintiff lists nine separate causes of action[1] all of which are based on alleged "racial profiling" by the FBI in 2001.

Plaintiff's Original Complaint is deficient in several regards. There are no facts alleged to support venue. Plaintiff does not explain when or where he was racially profiled or how he has suffered an injury.

---

[1] Plaintiff claims that Defendant has violated his constitutional rights under the Equal Protection Clause, the Due Process Clause, the Privileges and Immunities Clause, his statutory rights under 42 U.S.C. § 1983, Title VII, and the ADA, as well as state law claims of negligence, intentional infliction of emotional distress, and invasion of privacy. *See* ECF No. 1-1.

While Plaintiff's Amended Complaint is more succinct[2], it sets forth more generally all of the legal claims from the Original Complaint and adds two more claims.[3] First, Plaintiff

---

[2] While the Court appreciates its relative brevity, the Amended Complaint does not list separate legal counts as in the Original Complaint.

[3] As relief, Plaintiff seeks: [A] remedy at law in the form of a judgment in the amount of $80,000 (eighty thousand dollars). This remedy at law would be appropriate considering the fact that the sole Defendant the FBI has committed the wrongful institution of legal proceeding/malicious prosecution, gross negligence, the intentional infliction of emotional distress, and invasion of privacy through 'intrusion upon seclusion' and 'false light.' Moreover, the sold Defendant FBI has committed a violation of the following 'black letter law' provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities act of 1990. Furthermore, the sole Defendant FBI 9acting on behalf of the executive branch of the federal government and the Department of Justice) has violated the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution in addition to having violated the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution, the Fourth Amendment rights to a 'reasonable expectation of privacy' (*see Katz v. United States*, supra) and perhaps involving a broad assertion and interpretation of the Eighth Amendment right to be free from cruel and unusual punishment. In asserting this prayer for relief, Plaintiff states, avers, and alleges the following:

(A) The remedy at law in the form of a judgment in the amount of $80,000 (eighty thousand dollars) would also be appropriately considered to be punitive, compensatory, treble, actual, presumed, and special damages for Defendants' commission of the wrongful institution of legal proceedings/malicious prosecution, negligence (or negligence per se) in addition to a violation of the following 'black letter law' provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities act of 1990.

(B) The remedy at law in the form of a judgment in the amount of $80,000 would also be considered appropriate given that it has been proved that the sole Defendant the FBI has violated the Plaintiff's rights with regards to the Equal Protection Clause and the Due Process Clause (inherent from the Fifth and Fourteenth Amendments) and the Privileges and Immunities Clause (of Article IV, Section 2, clause 1) in addition to the Fourth Amendment right to a reasonable expectation of privacy and perhaps the Eighth Amendment right to be free from cruel and unusual punishment.

(C) The Plaintiff is also requesting the equitable remedy of an injunction or specific performance mandating that the Defendant FBI have to cease and desist conducting surveillance and or COINTELPRO on the Plaintiff given that he is a Catholic, African-American from Washington, D.C. who was merely an intern and or an apprentice at NIH/NHLBI/Division of Hematology (under Dr. Cynthia Dunbar and Dr. john Tisdale) and that the Plaintiff is not a Middle Eastern, Arab, or Muslim from a foreign country such as Saudi Arabia, Qatar, Iraq, Syria, Iran, Oman, and is certainly not involved in any crisis involving Houthis who are involved in a conflict between Saudi Arabia and Iran and is not associated with the Palestinian Liberation

alleges that he has been restricted from appearing on the ballot in the primary and general elections, presumably in Pennsylvania[4]. Plaintiff provides no further factual allegations as to this claim and provides no details about how the FBI thwarted his appearance on the ballot. Second, Plaintiff alleges that the FBI is liable for the torts of malicious prosecution and wrongful institution of legal proceedings based on racial profiling. Again, the facts that Plaintiff has provided in support of this claim are scant. Both torts require the institution of some legal proceeding and Plaintiff has not identified any such proceeding. For these reasons, the Amended Complaint is deficient and fails to state a claim upon which relief could be granted.

The final inquiry is whether the dismissal of Plaintiff's claims is with or without prejudice and whether to grant him leave to amend his claims. Leave to amend is appropriate unless an amendment would be inequitable or futile. *See* Fed.R.Civ.P. 15. For the reasons previously expressed, the Court finds that leave to amend any of Plaintiff's claims would be

---

Organization (PLO) led by Mahmoud Abbas or any similar organizations such as Hezbollah or Hamas.

(D) With regards to the Plaintiff requesting the equitable remedy of an injunction or specific performance mandating that the Defendant FBI have to cease and desist conducting surveillance and/or COINTELPRO on the Plaintiff given that he is a Catholic, African-American from Washington, D.C. who was merely an inter and/or an apprentice at NIH/NHLBI/Division of Hematology (under Dr. Cynthia Dunbar and Dr. John Tisdale), the court should take judicial notice that even though the Plaintiff does not mind the prospect of being an intelligence subject with at least one American intelligence agency, the whole idea that a FISA warrant should be issued against Plaintiff is preposterous given that the Plaintiff no longer has a Cuban fiancé named Rachel Garcia or Magna Gargallo Perez and also because neither Rachel Garcia or Magna Gargallo Perez are intelligence assets for CIA, DIA, NSA, etc. (indicating that they are merely normal civilians who had to endure the intense restrictions of the Cuban government of Fidel and now Raul Castro).

[4] Plaintiff explains that he was a candidate for President of the United States in 2016, is a candidate today, and plans to be a candidate in 2024.

futile. To summarize, Plaintiff has already made two attempts to state a claim upon which relief could be granted and both attempts have been inadequate.

Plaintiff's case will be dismissed for failure to state a claim and the dismissal shall be with prejudice. An appropriate Order follows.